BANCO COMERCIAL DE PUERTO RICO, Plaintiff and Appellee, *v.* EVARISTA DIEZ Y GONZÁLEZ ET AL., Defendants and Appellants.

No. 4445. Argued April 20, 1928.—Decided May 31, 1929.

*M. Tous Soto* for the appellants. *Oscar Souffront* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiff seeks to recover the amount due on two promissory notes described in the complaint. One of these notes is to the order of José Moreda Cifuentes and was indorsed by him to the bank. The makers are Evarista Diez y González, widow of Fernández, José Antonio, Benigno Claudio and Manuel Evaristo Fernández y Diez. The other is a joint and several note payable directly to the bank and signed by Benigno C. Fernández, Manuel E. Fernández, José Moreda, Evarista Diez, Viuda de Fernández, and José A. Fernández.

The first of these notes recites that a mortgage of even date upon a parcel of land in Maricao and upon an urban property in Mayagüez had been executed to secure the payment thereof and of other obligations. Plaintiff also alleges that this mortgage contained an agreement to pay five hundred dollars as attorney's fees in case of suit upon the note. The case before us, however, is not a foreclosure proceeding. It is a purely personal action.

On October 5 José A. Fernández Diez and Evarista Diez, residents of San Juan, and Manuel E. Fernández, a resident of New York, moved for a change of venue. The motion was accompanied by an affidavit of merits subscribed by José Fernández and referred to a sworn statement signed by Benigno C. Fernández and José Moreda Cifuentes already filed in support of a previous motion presented in September. This statement sets forth the formal consent of affiants to the proposed change of venue.

On October 23 José A. Fernández Diez made another affidavit to the effect that of the two causes of action set forth in the complaint the first was for the recovery of a promissory note secured by a mortgage upon an urban property in the city of Mayagüez; that with a view to the proposed partition of properties held in common Benigno Claudio Fernández Diez had agreed with Evarista Diez y González, with Manuel Evaristo Fernández Diez, and with affiant to accept as his share an interest in the rural property situated in the

municipality of Maricao, leaving the urban property in Mayagüez to be allotted to the other co-tenants; and that as a result of this stipulation Benigno C. Fernández Diez had no interest in the said first cause of action. A sworn statement signed by Benigno C. Fernández Diez and dated October 22 is to the same effect.

Plaintiff alleges the execution of a mortgage upon two properties. The note, which is set forth *verbatim* in the complaint as the basis for the first cause of action, speaks of a mortgage upon both properties, one of which is described as an *hacienda* known as Esperanza, situated in the municipality of Maricao, and the other as a corner house and lot in the city of Mayagüez. The motion for a change of venue makes no mention of any agreement as to a contemplated partition of the mortgaged property, and neither of the additional affidavits indicates the date of the alleged agreement or definitely asserts that the Maricao property was not mortgaged to secure the payment of the note in question.

In the circumstances, and aside from any question as to the effect of such an agreement (if made before the commencement of the action) upon the question of necessary or proper parties defendant, this afterthought of appellants does not demand serious consideration. And, in any event, the name of Benigno C. Fernández heads the list of those who signed the second note which was unsecured by any mortgage.

Benigno C. Fernández was a resident of Maricao and José Moreda y Cifuentes of Mayagüez. The motion for a change of venue was based upon the consent of these defendants to the proposed transfer of the cause, but this aspect of the case is not stressed in the brief for appellants. The action was properly brought in the district of Mayagüez and the consent of the defendants residing in that district did not bring the non-resident defendants within the letter of the law authorizing a change of venue, and, under the rule as laid down in

California, the court below did not err in denying the motion. 25 Cal. Jur., page 879, par. 21, and cases cited in note 3.

Whether or not we shall adhere to this rule hereafter is a question which may be decided when it is definitely raised and adequately developed in some future case.

In the brief for appellants counsel argue at some length that Moreda Cifuentes as the indorser of a note secured by mortgage is not personally liable on the first of the two notes. As a preliminary step to the position so taken, appellants attempt to eliminate the second cause of action, so far as Moreda is concerned, by a statement that he had deposited an amount sufficient to cover the claim asserted by plaintiff in the second count. Neither the date nor the amount of the deposit so made is specified. As already pointed out, the second of the two notes was several as well as joint, and the record before us does not contain anything to show that any deposit was made either before or after the action taken by the district judge upon the motion for a change of venue. The question as to whether or not the court erred in denying the motion must be determined upon the state of the pleading at the time the motion was made and decided. 25 Cal. Jur., 907, par. 41.

If there be any merit in the abstract questions of law discussed in the brief for appellants, they are not decisive of the present appeal.

The order refusing a change of venue must be affirmed.